Filed 5/16/24  P. v. Wilson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KIMBERLY AMARA WILSON,<br><br>Defendant and Appellant. | F085924<br><br>(Super. Ct. No. MF008340A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County.  Chad A. Louie, Judge.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kari Ricci Mueller and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2008, a jury convicted defendant Kimberly Amara Wilson[1] of criminal threats (Pen. Code, § 422; count 1) and threatening a public official (§ 76, subd. (a)(1); count 2), and the court found true allegations defendant had previously suffered multiple strike prior convictions that fall within the meaning of sections 667, subdivisions (c) through (j), and 1170.12, subdivisions (a) through (e). (Undesignated statutory references are to the Penal Code.) The jury also found that defendant had served multiple prior prison terms (§ 667.5, former subd. (b)). In 2009, the court sentenced defendant to 25 years to life plus four years for the prison prior enhancements on count 1 and the same term on count 2, which it ordered stayed pursuant to section 654.

In 2023, defendant petitioned for relief pursuant to former section 1171.1 (now § 1172.75) to seek dismissal of her prison prior enhancements and resentencing. At resentencing, the court struck defendant's prison prior enhancements (§ 667.5, former subd. (b)). It denied defendant's request to strike any of her strike prior convictions and resentenced defendant to 25 years to life.

On appeal, defendant argues the court abused its discretion in failing to strike any of her strike priors in light of evidence of her rehabilitation and by failing to expressly acknowledge changes to section 654 as a result of the enactment of Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518). Relatedly, she argues her counsel was ineffective in failing to alert the court to the recent changes to section 654.

We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

In December 2008, a jury convicted defendant of criminal threats (§ 422; count 1) and threatening a public official (§ 76, subd. (a)(1); count 2), and the court found true allegations defendant had previously suffered multiple strike prior convictions that fall

---

[1] In prior proceedings, defendant was known as Anthony Lee Wilson.

2.

within the meaning of sections 667, subdivisions (c) through (j), and 1170.12, subdivisions (a) through (e). The jury also found that defendant had served multiple prior prison terms (§ 667.5, former subd. (b)). In 2009, the court sentenced defendant to 25 years to life plus four years for the prison prior enhancements on count 1 and the same term on count 2, which it ordered stayed pursuant to section 654.

On January 24, 2023, defendant filed a "Motion for Hearing on Resentencing and Sentencing Statement Pursuant to Penal Code § 1172.75 (Formerly PC § 1171.1)[;] Penal Code 1385; People vs. Superior Court (Romero) Points and Authorities." (Some capitalization omitted.) In it, she asked the court to resentence her by dismissing the four section 667.5, subdivision (b) enhancements imposed as to counts 1 and 2 and to set a resentencing hearing pursuant to section 1172.75. Defendant also asked the court to consider her postconviction behavior "pursuant to PC 1385" and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) and to strike the section 667, subdivision (e) strike priors "in the interest of justice." She asserted she is now 61 years old and "poses a much smaller threat of reoffending." She also urged the court to consider all of the submitted certificates and completion awards she had received while in prison and attached to her brief. She further contended she is a transgendered woman who has "suffered severe harassment" and "sexual assaults" at the hands of other inmates "because of her gender dysphoria" and she "suffers unreasonable fear and anxiety because she never knows if she will be forced to have a cellmate." She completed rehabilitation classes that she asserted "will prepare her to be a better citizen upon her release." She noted she struggles with chronic pain, has a diagnosed "back condition," and is in need of surgery but "has not received the recommended treatment." She attached to her brief medical records related to her back condition and a letter from a facility in San Francisco offering her acceptance into its housing program. She asserted she "poses little threat to society if she were to be release[d]." And she asked the court to find, "in the interest of justice," "that she is not a danger to society and dismiss at least 3

3.

[of] the 667(E) prior[s]" and resentence her to a term of two years, doubled, for a total of four years, with count 2 stayed pursuant to section 654 because it arises from the same facts as count 1.

The court held a hearing on defendant's petition for relief on March 9, 2023. At the hearing, defense counsel again asked the court to strike three of defendant's strike priors under *Romero*, noting defendant had "completed a significant body [*sic*] work with regard to rehabilitation, works full time [*sic*] the prison, has taken classes on domestic violence, classes on anger management, gets supervisory reports that she has participated well in classes, that she [*sic*] done more than she needs to do in classes, that she has not been causing any problem since '09." Defense counsel asserted there was "no violence done" during the charged offense, and defendant has had an "extremely difficult time" in prison.

The prosecutor argued the court should look to the "factors in aggravation versus none in mitigation" in the probation report. He asserted there was no "realistic reason" to strike the strike priors and asserted the section 422 offense was violent in nature.

The court noted, in considering whether to strike one or more of the four strike priors, it looked "at the defendant's criminal history from the original probation report indicating convictions going back to 1981. Trespass, tampering with a vehicle, being under the influence of a controlled substance, possession of [*sic*] weapon." It discussed the prior strike convictions:

> "The first strike is a residential burglary from 1984 where the defendant was sentenced to 2 years in the Department of Corrections. That same year the defendant picked up a misdemeanor. The second strike was in 1986, 2 years later a second residential burglary where the defendant was sentenced to 2 years in Department of Corrections. A third strike was in 1988, 2 years after that another residential burglary where the defendant was sentenced to 12 years in the Department of Corrections. Shortly thereafter—also on that case the defendant violated parole twice, was discharged, and then continued to commit crimes in 1998, committed … a felony assault with a deadly weapon, and was granted felony probation, violated parole in that

4.

indication. After the defendant was released from custody in that case, continued to commit crimes of violence including a criminal threats case, violating a Court order to commit domestic violence in 2002, a felony committed to the Department of Corrections for 2 years. It was also 2 years after that the defendant was convicted of felony evading arrest and committed to the Department of Corrections for 4 years. Shortly after being released from custody and shortly after being released from parole in 2008, one year later, … the defendant again committed crimes of violence, felony criminal threats in 2009, which the defendant is currently in prison on."

The court found defendant did not "fall outside the spirit of the 3 strikes law" in light of defendant's lengthy criminal history, her "repeated violations of parole and numerous prison commitments as well as the timing involved in all those cases," in that they occurred "consecutively after each other or rather quickly after the defendant is released from prison." Rather, "defendant is clearly recidivist." Accordingly, the court denied defendant's request to strike the strikes pursuant to *Romero* in light of defendant's criminal history and the nature of the charges in this case, but it struck the four prison priors (§ 667.5, former subd. (b)). The abstract of judgment and minute orders reflect updated sentences of 25 years to life on counts 1 and 2 with the sentence on count 2 stayed pursuant to section 654.

## DISCUSSION

### I. Resentencing Proceedings Under Section 1172.75

In October of 2021, the Governor signed Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), effective on January 1, 2022, which added section 1171.1 to the Penal Code, subsequently renumbered as section 1172.75. This section declares: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid."

Section 1172.75 establishes a mechanism to provide affected defendants an avenue for relief from now invalid prison prior enhancements. Subdivision (b) directs the

Secretary of the Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment" that includes a now legally invalid prior prison enhancement, and to provide the names of such persons, their dates of birth, and the relevant case numbers or docket numbers to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) After the court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.75, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

When resentencing a defendant under section 1172.75, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

## II. The Court Had Jurisdiction to Resentence Defendant

In this appeal, defendant challenges the court's order following the resentencing hearing. In their response to defendant's arguments on appeal, the People argue the court lacked jurisdiction to rule on defendant's motion for resentencing pursuant to section 1172.75 below; thus, the resulting order is void. Because the People's argument

6.

implicates whether the trial court had jurisdiction to enter the challenged order and, thus, the merits of defendant's claims on appeal, we address their contention first.

The People assert, "[I]t appears from the record that [defendant] initiated the resentencing process under section 1172.75 by filing a motion for resentencing pursuant to [Senate Bill] 483 on January 24, 2023," and the court lacked jurisdiction to consider the resentencing request. They contend the "mandated statutory process"—which requires the Secretary of the CDCR and the county correctional administrator to identify a defendant as a person in custody serving a term of a judgment that includes a section 667.5, former subdivision (b) enhancement and then the court to recall and resentence the defendant—"does not appear to have happened here." In support of their contention they rely upon *People v. Burgess* (2022) 86 Cal.App.5th 375, in which the trial court denied the defendant's motion for resentencing pursuant to section 1172.75, and the Court of Appeal concluded the trial court lacked jurisdiction to adjudicate the defendant's motion.

Notably, at the time the parties filed their briefing, records had not yet been filed in this court to establish whether the Secretary of the CDCR had identified defendant as an individual eligible for relief in light of Senate Bill 483. However, a subsequently filed augmented confidential clerk's transcript establishes the CDCR identified defendant as potentially eligible for resentencing in 2022 and sent that identification to the trial court, before the court recalled defendant's sentence and resentenced her pursuant to section 1172.75.

As our court has previously held, "Once the trial court received that identification information from the [CDCR], it had authority over the matter and was statutorily authorized to act." (*People v. Cota* (2023) 97 Cal.App.5th 318, 332–333.) That is, under section 1172.75, subdivision (b), once the CDCR provided this identification to the trial court, "it triggered the trial court's review and resentencing obligations under section 1172.75, subdivision (b) thereby placing the matter within a statutorily authorized exception to the general rule that a trial court has no jurisdiction to modify a final

7.

judgment." (*Cota*, at p. 332.) And though section 1172.75 "does not authorize a defendant to seek resentencing on his or her own motion or petition," the filing of such a procedurally unauthorized motion did not deprive "the trial court of the jurisdiction afforded to it by statute to resentence a defendant as mandated by section 1172.75." (*Cota*, at pp. 332, 333.)

Accordingly, we reject the People's argument the trial court lacked jurisdiction to recall and resentence defendant pursuant to section 1172.75.

## III. Court Did Not Abuse Its Discretion in Declining to Strike the Strike Priors

Defendant first argues the court abused its discretion in declining to strike her strike priors pursuant to *Romero* during resentencing. We disagree.

### A. Standard of Review and Applicable Law

"'[T]he Three Strikes initiative, as well as the legislative act embodying its terms, was intended to restrict courts' discretion in sentencing repeat offenders.' [Citation.] To achieve this end, 'the Three Strikes law … establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme."''" (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) "[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Id*. at p. 378.)

A trial court has discretion under section 1385, subdivision (a) to strike prior felony conviction allegations in cases brought under the three strikes law. (*Romero*, *supra*, 13 Cal.4th at pp. 529–530.) In deciding whether to strike a prior felony conviction

8.

allegation, the court must "consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review a trial court's decision to deny a motion to strike prior strike allegations for an abuse of discretion. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 374.)

> "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'" [Citations.] Second, a "'decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony*, *supra*, at pp. 376–377.)

"Because the circumstances must be 'extraordinary … by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378.)

### B. Analysis

Defendant argues the resentencing court abused its discretion in denying her *Romero* motion. She asserts the court "basically considered [her] rap sheet, but did not

fairly evaluate her worth as a person who for the last decade had expressed remorse about her criminal lifestyle and sought rehabilitation." She asserts, her 2007 conviction (from which she sought relief) qualified as a "serious felony" strike pursuant to section 1192.7, subdivision (c), but it was not a "violent felony" as that term is used in section 667.5, subdivision (c), noting "[n]o injuries resulted." She noted, in her prior direct appeals from her 2007 conviction, "one appellate judge and two Supreme Court justices appeared to harbor doubts whether a threat made by an inmate to commit future harm outside the prison could truly constitute the immediate danger necessary for a criminal threats conviction." She also asserted her "'strikes' all occurred more than 20 years ago," and she has served 16 years of her actual sentence. She argues she does not present a danger to public safety in light of her age (61) and chronic back problems, which confine her to a wheelchair. She asserts the trial court "ignored the mandate of 1172.75 to take 'postconviction' matters into account, including 'age, time served and physical condition,' which show that the original sentence no longer appears 'in the interest of justice.'"

We cannot conclude the trial court abused its broad discretion in declining to strike defendant's prior strike convictions. Here, the court was entitled to consider, as it did, defendant's extensive criminal history and the nature of the instant offense, which supported its ruling. (See *People v. Williams*, *supra*, 17 Cal.4th at p. 161.) As the court noted, defendant's criminal history dates back to 1981 after which she continued to repeatedly reoffend in 1983, 1984, 1986, 1988, 1993, 1998, 2002, 2004, and 2007 (the current offense). Four of her prior convictions were for strike offenses, namely, residential burglaries and a prior criminal threat offense. Though there were years between the instant offense and the strike priors, defendant did not refrain from criminal activity during that time but rather continued to reoffend. She also repeatedly violated parole. And a letter from the probation department filed on the date of the resentencing hearing states defendant was convicted of yet another offense in 2011—battery by an

inmate on a nonconfined person (§ 4051.5)—while incarcerated for the current offense. Furthermore, contrary to defendant's suggestion, the record does not establish the court disregarded her rehabilitative efforts. (See *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary"].) Rather, after explaining its ruling the court told defendant it "appreciate[d] the work" she had done, but this did not change its conclusion she did not fall outside of the spirit of the three strikes law.

On the record before us, we cannot say the trial court's conclusion that defendant did not lie outside of the intent of the three strikes law was so irrational or arbitrary that no reasonable person could agree with it. (See *People v. Stone* (1999) 75 Cal.App.4th 707, 717 [no abuse of discretion in refusing to vacate one of defendant's strikes because defendant "is an exemplar of the 'revolving door' career criminal to whom the Three Strikes law is addressed"].) Accordingly, we cannot conclude it abused its discretion in refusing to strike defendant's prior strikes.

## IV. Court Did Not Abuse Its Discretion in Setting the Principal Term and Defendant's Counsel Was Not Deficient at Resentencing

Defendant next argues the trial court abused its discretion in failing to take into account Assembly Bill 518's changes to section 654 and, accordingly, designating the sentence on count 2 as the principal term. She argues the three strikes law was amended in 2012 to provide, regardless of a defendant's prior strikes, "the state generally may not seek an indeterminate life sentence if the current crime amounts to neither a 'serious' nor 'violent' felony," citing sections 1170.12, subdivision (c)(2)(C), and 667, subdivision (e)(2)(C). She contends the court failed to consider Assembly Bill 518 or the Three Strikes Reform Act of 2012 (the Act or Reform Act) in resentencing her and, to the extent the issue was forfeited based upon her counsel's failure to raise it below, her counsel provided ineffective assistance on that basis. For the reasons that follow, we reject defendant's contention.

11.

### A. Applicable Law

#### 1. *Assembly Bill 518*

Before the passage of Assembly Bill 518, section 654, subdivision (a) provided that, when a defendant committed an act or omission punishable by two or more provisions of the law, the trial court must impose sentence under the provision that provides for the longest potential term of imprisonment. (Former § 654, subd. (a); Stats. 1997, ch. 410, § 1.) Assembly Bill 518, effective January 1, 2022, amended section 654, subdivision (a) to permit an act or omission punishable under two or more provisions of law to "be punished under either of such provisions." (§ 654, subd. (a), as amended by Stats. 2021, ch. 441, § 1.) Thus, under newly amended section 654, a trial court is no longer required to punish the defendant under the longest possible term of imprisonment when multiple offenses are based on the same act or omission. (*People v. White* (2022) 86 Cal.App.5th 1229, 1236.) Rather, the trial court now has "'discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence.'" (*Ibid.*; see *People v. Mani* (2022) 74 Cal.App.5th 343, 379.)

#### 2. *Three Strikes Reform Act of 2012*

"On November 6, 2012, the California electorate approved Proposition 36, otherwise known as the Three Strikes Reform Act of 2012 …, which became effective the next day. Before the Act's passage, the 'Three Strikes' law provided that a recidivist offender with two or more qualifying strikes was subject to an indeterminate life sentence if the offender was convicted for any new felony offense. [Citation.] The Act amended the Three Strikes law so that an indeterminate life sentence may only be imposed where the offender's third strike is a serious and/or violent felony or where the offender is not eligible for a determinate sentence based on other disqualifying factors. (… §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596.) The California Supreme Court subsequently clarified that "when a court

12.

resentences a third strike defendant …, the presence of a current offense that is serious or violent does not disqualify an inmate from resentencing with respect to a current offense that is neither serious nor violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 680.)

"In the Reform Act, the voters also established a procedure for 'persons presently serving an indeterminate term of imprisonment' under the prior version of the Three Strikes law to seek resentencing under the Reform Act's revised penalty structure. (… § 1170.126, subd. (a).) Under section 1170.126, 'within two years after the effective date of the act … or at a later date upon a showing of good cause,' such persons can file a petition for a recall of sentence before the trial court that entered the judgment of conviction. (*Id.*, subd. (b).) If the petitioner would have qualified for a shorter sentence under the Reform Act version of the law, taking into consideration the disqualifying factors (§ 1170.126, subd. (e), (f)), section 1170.126 provides that he 'shall be resentenced pursuant to [the Reform Act] unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety' (*id.*, subd. (f)). In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of rehabilitation while incarcerated, and '[a]ny other evidence the court … determines to be relevant.'" (*People v. Conley* (2016) 63 Cal.4th 646, 653 (*Conley*).)

In *Conley*, the California Supreme Court rejected the defendant's contention that he and others whose judgments were not final as of the effective date of the Reform Act were entitled to automatic resentencing under the revised penalty provisions of the Act. (*Conley*, at pp. 657, 659.) The *Conley* court reasoned, "[T]o confer an automatic entitlement to resentencing under these circumstances would undermine the apparent intent of the electorate that approved section 1170.126: to create broad access to resentencing for prisoners previously sentenced to indeterminate life terms, but subject to judicial evaluation of the impact of resentencing on public safety, based on the prisoner's criminal history, record of incarceration, and other factors." (*Id.* at p. 659.)

### B. Analysis

Defendant contends the trial court abused its discretion by failing to apply the amendments to the three strikes law pursuant to the Three Strikes Reform Act and Assembly Bill 518's changes to section 654 at resentencing. She argues these amendments were not in effect when she was originally sentenced and they are "'changes in the law that reduce sentences and provide for judicial discretion'" that the court was required to implement at the resentencing hearing pursuant to section 1172.75, subdivision (d)(2). She asserts her count 2 conviction for threatening a public official pursuant to section 76 is not a "violent" or "serious" felony as defined in section 667.5, subdivision (c) or section 1192.7, subdivision (c). Accordingly, she contends, there is no "basis for an indeterminate sentence" as to that count under the Reform Act. She further argues the court should have held a hearing on whether count 2, rather than count 1, should have been designated the principal count, and the failure to do so violated "her ameliorative rights under the new law." She argues it is reasonably likely the court would have selected count 2 as the controlling term, asserting the crime did not involve actual violence and considering "her age, her physical infirmities, her quest for rehabilitation and her remorse." If the issue is deemed forfeited, defendant asserts her counsel provided ineffective assistance by failing to alert the court to Assembly Bill 518's amendments to section 654 that permitted it to designate the sentence on count 2 as the principal term. The People assert defendant forfeited the issue by failing to raise it below and, irrespective, it lacks merit because "there is no reasonable probability that the trial court would have chosen to exercise its discretion under amended 654 to grant even more relief and reduce [defendant]'s executed sentence to a short determinate term" given the court's refusal to strike defendant's prior strikes. They also argue defendant has failed to establish her counsel provided ineffective assistance on this basis.

Initially, as discussed, "[a]bsent evidence to the contrary, we presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.)

14.

And here, there is no affirmative evidence the sentencing court misunderstood the scope of its discretion at sentencing or was unaware of Assembly Bill 518's amendments to section 654 that no longer require the court to designate the longest sentence as the principal term. Thus, we presume the trial court was aware of the controlling law at the time of sentencing and applied it in rendering its sentencing decision.

And, while it is true a violation of section 76, subdivision (a) is not defined as a serious and/or violent felony by section 667.5, subdivision (c) or section 1192.7, subdivision (c), we also cannot conclude the court erred in failing to automatically resentence defendant on count 2 in light of the Reform Act. In *People v. Padilla* (2022) 13 Cal.5th 152, the California Supreme Court held, when a sentence is vacated as a result of a collateral attack by way of habeas corpus, Proposition 57 (the Public Safety and Rehabilitation Act of 2016)—which "amended the law governing the punishment of juvenile offenses in adult criminal court by requiring hearings to determine whether the offenses should instead be heard in juvenile court"—should apply at resentencing. (*Padilla*, *supra*, at pp. 158, 168.) In reaching this conclusion, the high court relied on *In re Estrada* (1965) 63 Cal.2d 740, 745, which held that laws that mitigate punishment are presumed to apply retroactively to nonfinal cases. (*Padilla*, at pp. 160–161.) The *Padilla* court acknowledged that "the range of judgments affected by *Estrada* is delimited by constitutional constraints." (*Id.* at p. 160.) Specifically, separation of powers principles restrict the Legislature's ability to intervene in judicial decisionmaking once a judgment becomes final. (*Id.* at p. 161.) But it held these concerns are not implicated when legislation is applied retroactively to nonfinal judgments. (*Id.* at p. 162.) The *Padilla* court explained, "When a habeas corpus court vacates a prior judgment and orders a new trial or new sentencing hearing, the prior judgment—now ineffective—can no longer be a final one." (*Id.* at p. 164.) Said differently, "once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence," and an appeal from such resentencing

15.

"is part of direct review of a nonfinal judgment, not collateral review of a final judgment." (*Id*. at p. 163.) And, "[w]hen a defendant's sentence has been vacated, the parties' interest in repose and finality are necessarily diminished; at that point, the countervailing interest in effectuating current legislative policy decisions may appropriately control." (*Padilla*, at p. 168.)

But, here, even if we were to conclude the recall and resentencing in this case rendered the judgment nonfinal as in *Padilla* as discussed, in *Conley*, the California Supreme Court rejected the argument the *Estrada* presumption requires automatic application of the Reform Act to nonfinal judgments. (*Conley*, *supra*, 63 Cal.4th at p. 661.) Rather, the *Conley* court held "voters intended for previously sentenced defendants to seek relief [pursuant to the Reform Act] under section 1170.126." (*Ibid*.) Accordingly, "[p]risoners presently serving indeterminate life terms imposed under the prior version of the Three Strikes law including those with nonfinal judgments, may seek resentencing under the Act, but subject to judicial determination of whether resentencing would pose an unreasonable danger to the public," as provided for in section 1170.126. (*Conley*, *supra*, at p. 661.)

Indeed, at least two appellate courts have relied upon *Conley* to hold a defendant is not entitled to automatic resentencing under the Reform Act when a defendant is resentenced pursuant to section 1172.75. (See *People v. Superior Court* (*Guevara*) (2023) 97 Cal.App.5th 978, 984–987, review granted Mar. 12, 2024, S283305; *People v. Santos* (2024) 100 Cal.App.5th 666, 675–676, review pending, petn. filed Apr. 16, 2024, S284341; *People v. Kimble* (2024) 99 Cal.App.5th 746, 750–751, review granted Apr. 24, 2024, S284259.) *Santos* and *Kimble* reason that we are bound by *Conley*'s conclusion that, with regard to the application of the revised penalty provisions in the Reform Act, the *Estrada* rule was overridden by section 1170.126. (*Santos*, *supra*, at p. 675; *Kimble*, *supra*, at p. 758.) Accordingly, "even during a full resentencing, the Reform Act cannot be applied retroactively to entitle [a defendant] to automatic

resentencing outside of section 1170.126." (*Santos*, at p. 675; accord, *Kimble*, at p. 758.) These courts further reason that interpreting section 1172.75, subdivision (d) as requiring automatic resentencing under the Reform Act "would unconstitutionally amend the Reform Act by eliminating the public safety inquiry required to avoid imposing a mandated third strike sentence of 25 years to life on defendant." (*People v. Santos*, *supra*, at p. 676; accord, *People v. Superior Court* (*Guevara*), *supra*, at p. 985.)

We agree with these courts that requiring trial courts to automatically resentence a defendant under the Reform Act during resentencing under section 1172.75 would, essentially, "result in a wholesale repeal of section 1170.126." (*People v. Superior Court* (*Guevara*), *supra*, 97 Cal.App.5th at p. 985, review granted.) That is, we are bound by *Conley*'s conclusion that a defendant whose conviction is not final is not entitled to automatic resentencing under the Reform Act; rather, he or she must petition for relief under section 1170.126. (See *Conley*, *supra*, 63 Cal.4th at p. 659; see also *Auto Equity Sales*, *Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Thus, we cannot conclude the court erred in failing to automatically resentence defendant under the Reform Act.

Relatedly, to the extent defendant contends her counsel provided ineffective assistance by failing to urge the court to resentence her on count 2 pursuant to the Reform Act and to stay the sentence on count 1 and, instead, designate the sentence on count 2 as the principal term in light of the changes to section 654, we reject defendant's contention. "To demonstrate ineffective assistance of counsel, a defendant must show that counsel's action was, objectively considered, both deficient under prevailing professional norms and prejudicial. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) To establish prejudice, a defendant must show a reasonable probability that, but for counsel's failings, the result of the proceeding would have been more favorable to the defendant. (*Id.* at p. 694.)" (*People v. Hinton* (2006) 37 Cal.4th 839, 876.) We """"defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a 'strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance."'" (*Id.* at p. 876.) "'"'"[C]ourts should not second-guess reasonable, if difficult, tactical decisions in the harsh light of hindsight" [citation]. "Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts." [Citation.]' [Citation.]" (*Ibid.*) "'"'[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] … unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.'" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.)

And here, the record does not shed light on why counsel did not argue the trial court should consider Assembly Bill 518 and the Three Strikes Reform Act of 2012 at resentencing. But we can discern a reasonable, tactical reason for counsel's omission— for the reasons stated, counsel could have reasonably concluded urging the court to apply the Act during the resentencing hearing would have been futile and, thus, counsel focused her efforts on urging the striking of defendant's prior strike convictions. We also cannot conclude defendant has established a reasonable probability that the result of the proceeding would have been different absent counsel's alleged deficiency. Said differently, defendant has not established a reasonable probability the court would have granted a request to apply the Act at resentencing such that it would have reduced defendant's sentence on count 2, and then granted a request to designate that sentence as the principal term such that it would have led to a different term of imprisonment. (See *People v. Mattson* (1990) 50 Cal.3d 826, 876 ["[a] claim of ineffective assistance of counsel based on a trial attorney's failure to make a motion or objection must demonstrate not only the absence of a tactical reason for the omission [citation], but also that the motion or objection would have been meritorious"]; *People v. Wharton* (1991) 53 Cal.3d 522, 576 [rejecting argument that failing to bring potentially meritorious motion

established ineffectiveness; holding under *Strickland*, defendant must show prejudice from counsel's acts or omissions].)

Accordingly, we reject defendant's contention.

## DISPOSITION

The order is affirmed.


PEÑA, Acting P. J.

WE CONCUR:


MEEHAN, J.


SNAUFFER, J.

19.